**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELOMAR, INC., a California
corporation,

          Plaintiff - Appellant,

  v.

DARRELL KULOW,

          Defendant - Appellee.

No. 09-56929

D.C. No. 3:09-cv-00353-BTM-
PCL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 11, 2011**
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

     Kelomar, Inc. ("Kelomar") appeals from the district court's grant of Darrell

Kulow's ("Kulow") motion for judgment on the pleadings. We affirm.

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Kelomar contends that Kulow owed a personal duty to ensure that Kelomar's melons were properly labeled. The law imposes no general duty to label melons correctly independent of a contract. *See Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group*, 49 Cal. Rptr. 3d 609, 612 (Ct. App. 2006) (stating that the duty to "promptly process another's data" arises from a contract, and is not comparable to a general duty to avoid injuring others). Thus, if Kulow had such a duty, it could only arise from Hebberd-Kulow Enterprise's ("HKE") contract with Kelomar.

But even assuming HKE's contract with Kelomar imposed a duty on Kulow, Kelomar could not recover in tort for the breach of that contractual duty. *See Aas v. Superior Court*, 101 Cal. Rptr. 2d 718, 729 (2000) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."). As the district court stated, Kelomar should seek its remedy in a breach-of-contract suit against HKE.

Kelomar argues that the deterioration of the melons resulted in property damage as opposed to purely economic injury, thus elevating the breach-of-contract claim to a tort claim. Assuming without deciding that the existence of property damage may convert a breach of contract into a tort, we nonetheless disagree that the defective labels damaged the melons. The defective labels

arguably precluded sale of the melons temporarily until the error was corrected. The labels did not "directly cause[] physical injury." *Erlich v. Menezes*, 87 Cal. Rptr. 2d 886, 891 (1999). Any damage to the melons resulted from natural deterioration, not from any defect in the labels.

Kelomar does not dispute that the loss of profits from a decline in value of non-perishable goods is adequately addressed by remedies in contract. *See S.M. Wilson & Co. v. Smith Intern., Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978) ("Where the suit is between a non-performing seller and an aggrieved buyer and the injury consists of . . . a loss of profits that the deal had been expected to yield to the buyer, it would be sensible to limit the buyer's rights to those provided by the Uniform Commercial Code."). We see no reason to create a special rule for perishable goods, nor does Kelomar cite to any case suggesting we should.

Kelomar objects that if it can recover only for breach of contract, then Kelomar has no remedy against Kulow, who is not a party to the contract. But this is the nature of limited liability, and this case presents no reason to question a fundamental concept of the law of corporations. *See United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 83 Cal. Rptr. 418, 423 (1970) ("Directors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually.").

3

**AFFIRMED.**